FILED
SUPERIOR COURT
OF GUAM

2021 AUG 25 PM 4: 55

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| YUKO YO,<br><br>                      Plaintiff,<br><br>    v.<br><br>FRANK SIK YO,<br><br>                      Defendant. | DOMESTIC CASE NO. DM0659-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 3, 2021, upon a hearing on the Motion to Set Aside or Reconsider Decision and Order Entered on March 22, 2021 filed by Defendant Frank Sik Yo ("Frank" or "Defendant") and the Motion to for Attorney's Fees and Costs filed by Plaintiff Yuko Yo ("Yuko" or "Plaintiff"). Attorney John Bordallo Bell appeared on behalf of the Plaintiff, while Attorney Mun S. Park appeared on behalf of the Defendant. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Set Aside or Reconsider its March 22, 2021 Decision and Order. The Court **GRANTS** the Plaintiff's Motion for Attorney's Fees and Costs in the amount of $17,896.15.

## BACKGROUND

Plaintiff and Defendant (the "Parties") entered into a Divorce and Property Settlement Agreement (aka, marital settlement agreement, "MSA") on or about April 17, 2018, and the MSA was approved by this Court via the Interlocutory Judgment of Divorce on December 11,

2018. The MSA provided that the residential property located at 119 Cherry Blossom Lane, Latte Heights, Mangilao, Guam 96913 ("the Latte Heights Home") would be deeded to the Parties' daughter Jessica Yo ("Jessica"), while reserving a life estate for Frank. Nevertheless, in violation of the MSA, Frank sold the Latte Heights Home to Aileen and Joseph Cruz on or about May 1, 2020. Jessica Yo Decl. ¶¶4-5/Ex. 1 of Mot. to Enforce MSA (Jul. 20, 2020). Frank then used the proceeds of this sale to purchase condominium unit #24 at Beachway Manor Condominiums (the "Condo"). Levinia Terlaje Decl. ¶¶ 5-6/Exh. 3 of Mot. to Enforce MSA.

On July 20, 2020, Plaintiff filed the Motion to Enforce Marital Settlement Agreement and Notices of Lis Pendens on the Latte Heights Home and Condo. After Defendant failed to file a response, Plaintiff submitted a Request for Entry of Default Judgment on December 14, 2020. A motion hearing was held on February 2, 2021, wherein Defendant's counsel Attorney Park was present. Defendant was given ten days to file a motion for reconsideration, but failed to do so. On March 22, 2021, the Court granted Plaintiff's Motion to enforce the MSA, and enjoined Frank from disposing of, encumbering or otherwise diminishing the Latte Heights Home, the Condo, or remaining proceeds of the sale until the resolution of this case.

On April 6, 2021, Frank filed the instant Motion to Set Aside or Reconsider the March 22, 2021 Decision and Order. Yuko and Jessica, the Real Party in Interest, filed a joint opposition to the Motion to Set Aside or Reconsider on May 4, 2021.

Plaintiff filed a Motion for Attorney's Fees and Costs on April 21, 2021. Defendant filed an opposition on May 19, 2021, requesting that attorney's fees be denied or reduced by half. Plaintiff filed a reply on June 3, 2021, justifying the requested amount of $24,436.98. A hearing on the two pending motions was held on June 3, 2021, after which both motions were taken under advisement.

## DISCUSSION

### I. DEFENDANT'S ARGUMENT TO SET ASIDE OR RECONSIDER THE JUDGMENT UNDER GUAM RULE OF CIVIL PROCEDURE 60(b) IS UNPERSUASIVE.

Guam Rule of Civil Procedure 60(b) provides that a Court may relieve a party from final judgment, order or proceeding for reasons including excusable neglect and newly discovered evidence. *See* Guam. R. Civ. Pro. 60(b). Such motions must be made within one year after judgment is entered. *Id.* Rule 60(b) motions are to be liberally applied. *Mariano v. Surla*, 2010 Guam 2 ¶ 35. There is a judicial preference for resolving disputes on the merits. *See Midsea Indus., Inc. v. HK Eng'g, Ltd.*, 1998 Guam 14 ¶ 6 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). However, trial courts have "broad latitude" when deciding whether to grant or deny relief from judgment. *Id.* ¶ 4.

A judgment may be set aside for excusable neglect under Rule 60(b)(1). *See* Guam. R. Civ. Pro. 60(b)(1). "'Rule 60(b) is liberally applied in the default judgment context only in the exceptional circumstances where the events contributing to the default judgment have not been within the *meaningful control* of the defaulting party, or its attorney.'" *Duenas v. Brady*, 2008 Guam 27 ¶ 22 (quoting *North Cent. Ill. Laborers' Dist. Counsel v. S.J. Groves*, 842 F.2d 164, 167 (11th Cir. 1988). "Neither carelessness nor ignorance, ascribed to the party or the party's attorney, may supply grounds for relief under 60(b)(1). *Duenas* ¶ 20. "'Rule 60(b) cannot be used to relieve a party from the duty to take legal steps to protect his interests.'" *Duenas* ¶ 25 (quoting *Edens v. Edens*, 109 P.3d 295, 302 (N.M. Ct. App. 2005)). "'Rule 60(b) is not to be invoked to give relief to a party who has chosen a course of action which in retrospect appears unfortunate.'" *Id.*

Here, Defense counsel argues that excusable neglect warrants reconsideration of the judgment because Defendant was undergoing medical treatment following a serious stroke at the time the Plaintiff filed her Motion to Enforce Marital Settlement Agreement and Request for Entry of Default. Mot. to Set Aside J. p. 5 (Apr. 6, 2021); Frank Yo Decl. ¶¶ 3- 5 (Apr. 6, 2021). Defendant also claims he was confused due to conversations regarding possible settlement with his daughter. Frank Yo Decl. ¶¶ 9- 10, 17. However, Defendant's stroke took place on October 22, 2019. *Id.* ¶ 3. Meanwhile, the Motion to Enforce Marital Settlement Agreement was filed nine months later on July 20, 2020, and the Request for Entry of Default was filed more than one year later on December 14, 2020. Defendant does not clearly set forth how Defendant's illness prevented him from responding to or otherwise opposing Plaintiff's motion. Defendant was personally served with the Motion to Enforce Marital Settlement Agreement on July 22, 2020, and so was aware of the pending litigation. His own declaration shows that he decided to focus on out-of-court settlement discussions despite disputes over attorney's fees, and that he requested Attorney Mun Su Park to represent him in the settlement negotiations. Frank Yo Decl. ¶¶ 17-19. While Defendant chose to focus on settlement rather than filing an opposition to Plaintiff's motion, this failed strategy alone does not support a finding of excusable neglect. Despite Defendant's medical issues, he was able to secure legal representation and engage in settlement negotiations with Jessica. Thus, it does not appear that Defendant's failure to respond is excusable neglect warranting relief from judgment.

Under Rule 60(b)(2), a judgment may also be set aside where there is newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial." *See* Guam. R. Civ. Pro. 60(b)(2). Evidence within the knowledge of the movant and its employees is not newly discovered evidence under Rule 60(b)(2). *Town House Dep't Stores, Inc.*

*v. Ahn*, 2003 Guam 6, ¶ 36. Information a party should have been aware of before a judgment is issued also is not newly discovered evidence. *Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 18.

Here, Defendant alleges the March 22 Decision and Order was obtained by false and untrue statements submitted by the Plaintiff and that such false and untrue statements are newly discovered evidence warranting relief from judgment. Mot. for Relief from J., p. 3. These allegedly false and untrue statements were contained in the declaration of Levina Terlaje, and stated that Frank sold the Latte Heights Home without Jessica or Yuko's knowledge or consent. Levina Terlaje Decl. ¶ 5; Ex. 3 of Mot. to Enforce MSA. Defendant asserts that he met Jessica twice in April of 2020 and informed her of his intention to sell the house; he also asserts that she acquiesced to the sale. Frank Yo Decl. ¶¶ 9-10 (Apr. 5, 2021). It must be noted that the declaration at issue was filed eight months prior to the March 2021 Decision and Order and therefore cannot be considered "newly discovered evidence". Because Defendant should have been aware of this evidence long before judgment was issued, relief from judgment under Rule 60(b)(2) is not warranted.

Additionally, defense counsel argues that it would be unfair to grant all of Plaintiff's claims primarily under the theories of fairness and equity. To support this claim, Defense counsel cites to California case law which states that a Marital Settlement Agreement is governed by legal principals applicable to traditional contract law (*Tanner v. Tanner*, 57 Cal. App. 4th 419, 424, 67 Cal. Rptr. 2d 204, 207 (1997)), and that a trial court may invalidate a Marital Settlement Agreement that is inequitable (*In re Marriage of Moore*, 113 Cal. App. 3d 22, 32, 169 Cal. Rptr. 619 (Ct. App. 1980)). Defendant argues it would be unfair or inequitable to uphold the MSA because Defendant faced mortgage delinquency due to illness and also lost his earnings due to the COVID-19 pandemic. However, Defendant voluntarily negotiated and entered into the

agreement long before he suffered from the stroke and before the COVID-19 pandemic. The fact that these unfortunate events happened subsequent to the MSA does not make the MSA inequitable. Further, Defendant failed to raise this argument before judgment was issued. The Court finds that this claim is untimely, and in any event, does not warrant relief from judgment.

Finally, a court will deny a motion to set aside a default judgment if: (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside. *Midsea* at ¶ 5. A court need find only one of the three factors to deny vacation of a default judgment. *Id.* "Once a court determines that a party's culpable conduct led to the default, the ruling may be upheld without inquiring into any meritorious defenses or possible prejudices to the plaintiff." *Duenas* ¶ 17.

Here, Defendant provided no extraordinary circumstance that would justify his failure to oppose the Plaintiff's filings. Defendant was personally served with the Motion to Enforce the MSA on July 22, 2020, yet failed to file any response. Instead, Defendant obtained legal representation by Attorney Park for the limited purpose of settlement negotiations. Attorney Park did not oppose the Motion to Enforce the MSA at the status hearing held on February 2, 2021. While Defendant was given ten (10) days to file a motion for reconsideration, he failed to do so by the stated deadline of February 12, 2021. *See* Min. Entry (Feb. 2, 2021). Based upon these facts, the Court finds that Defendant's culpable conduct led to the default judgment. Once a court finds that a party's culpable conduct led to the default judgment, such a finding is sufficient to affirm the judgment without evaluating meritorious defenses or prejudice. For these reasons, Defendant's Motion to Set Aside or Reconsider the March 22 Decision and Order is **DENIED**.

## II.  PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $17,896.15.

While parties typically bear the financial burdens of litigation, there are certain exceptions recognized by the Supreme Court of Guam. *Fleming v. Quigley,* 2003 Guam 4 ¶ 7. In one exception, if attorney's fees are "authorized by contract" then a prevailing party is entitled to reimbursement. *Id.* A prevailing party is generally the party achieving favorable judgment in a dispute. *Guam Mem. Hosp. Auth. v. Civil Serv. Comm'n,* 2015 Guam 18 ¶ 46.

Here, the Divorce and Property Settlement Agreement filed on December 11, 2018, Section 16, states that should either party be required to seek enforcement or compliance with the agreement through the court system, the prevailing party is entitled to recover from the other party all *reasonable* attorney's fees and costs. Because the March 2021 Decision and Order granted the Plaintiff's motion and otherwise ruled in her favor, Plaintiff is entitled to recover reasonable attorney's fees and costs from the Defendant.

"The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Stokus v. Marsh,* 266 Cal. Rptr. 90, 96 (Cal. App. 1990). The first step in analyzing the reasonableness of attorney's fees is to consider the "lodestar," which is determined by "multiplying the number of hours reasonably spent on a case by a reasonable hourly rate." *Paeste v. Guam,* No. 11-00008-CBM, 2013 WL 6254669, at *2 (D Guam Dec. 3, 2013), *aff'd sub nom. Paeste v. Gov't of Guam,* 624 F. App'x 488 (9th Cir. 2015). The loadstar may be adjusted upward or downward based on factors including, but not limited to, the time and labor required; the difficulty of the question involved; and the time limitations imposed by the client. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague,* 505 U.S. 557 (1992).

Concerning the hourly rate charged, reasonableness may be determined by evaluating prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The court must determine both the reasonableness of the hourly rate and the reasonableness of the hours expended on litigation. *Woodland v. Viacom Inc.* 255 F.R.D. 278, 280 (D.D.C 2008). Under the reasonableness standard adopted by the Ninth Circuit, courts should evaluate the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d. 973, 979 (9th Cir. 2008). A fee request may be denied if it appears unreasonable and inflated. *Chavez v. City of Los Angeles,* 47 Cal. 4th 970, 990 (2010).

Attorney's fees may include fees for legal staff services. *Missouri v. Jenkins,* 491 U.S. 274, 285 (1989). When obtaining attorney's fees for work done by paralegals or legal assistants, courts generally consider whether the legal staff performed substantive legal work under the direction of a supervising attorney, the nature of the legal work performed, and the qualifications of the legal staff. *See, e.g. El Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 763 (Tex. 2012); *Blair v. Ing.,* 31 P.3d 184, 194 (Haw.2001).

Here, Plaintiff's counsel charges up to $260 per hour, but only charged $190 per hour in this matter. JRBB Decl. ¶ 8 (Apr. 21, 2021). Plaintiff's counsel contends, and the Court agrees, that this is a reasonable fee for a nine-year attorney with relevant experience in the Guam legal market. *Id.* ¶ ¶9-10; Mot. for Att'y Fees, Ex. 3; *see also Paeste v. Guam,* No. 11-00008-CBM, 2013 WL 6254669, at *6 (D. Guam Dec. 3, 2013), *aff'd sub nom. Paeste v. Gov't of Guam,* 624 F. App'x 488 (9th Cir. 2015) (finding $150 per hour to be a reasonable fee for junior attorneys). Plaintiff's counsel further charged $68 per hour for paralegal "JS", $48 per hour for paralegal "RL", and $64 per hour for paralegal "VT", each of which has substantial experience working

in the legal field. JRBB Decl. ¶¶ 5-7 (Jun. 3, 2021). Defendant does not argue that the hourly rates charged are unreasonable.

Defendant does, however, argue that the amount of time spent on this matter was unreasonable, and therefore Plaintiff is not entitled to the full amount of attorney's fees. Plaintiff's counsel devoted 292.1 hours to this case as of the April 20, 2021 motion. The justification for the hours spent on the litigation are detailed in filed invoices. Mot. for Att'y Fees, Ex. 1. Labor included work by both the attorney and legal staff in preparing for hearings, drafting motions, researching remedies, meeting with clients, and other related activities. *Id.* Defense counsel lists numerous factors to justify the hours expended, to include that the case involved complex laws and rules, complex remedies, forced Defense counsel to turn away other potential clients, required long hours on short notice, and was undesirable due to its urgent nature and the Cruz family involvement. See Mot. for Att'y Fees p. 6-10. Defendant, on the other hand, argues that the amount and type of communication between staff was excessive, unnecessary and unreasonable, and plaintiff should not recover for time spent on intra-office conferences and low-level secretarial work. *See* Opp'n p. 3-4 (May 19, 2021). After reviewing nearly 100 pages of submitted invoices, the Court finds $17,896.15 of the requested $24,436.98 in attorney's fees and costs to be reasonable:

| MONTH | AMOUNT |
|---|---|
| 06/2020 | 2,596.25 |
| 07/2020 | 3,538.7 |
| 08/2020 | 88.4 |
| 09/2020 | 866.1 |
| 10/2020 | 252.7 |
| 11/2020 | 113.5 |

| 12/2020 | 1447.1 |
|---------|--------|
| 01/2021 | 1973.35 |
| 02/2021 | 3694.8 |
| 03/2021 | 914.5 |
| 04/2021 | 2,410.75 |
| **TOTAL:** | **17,896.15** |

The remaining billing entries were found to be unreasonable or were otherwise not included in the attorney's fee award because they contained entries which did not constitute legal work or tasks supervised by an attorney, the activities was duplicitous with work already billed, and/or the activity was not adequately documented in enough detail to be considered reasonable. For these reasons, the Court **GRANTS** the Plaintiff's Motion for Attorney's Fees and Costs in the amount of $17,896.15.

## CONCLUSION

For the reasons set forth below, the Court **DENIES** Defendant's Motion to Set Aside or Reconsider its March 22, 2021 Decision and Order. The Court **GRANTS** the Plaintiff's Motion for Attorney's Fees and Costs in the amount of $17,896.15.

**IT IS SO ORDERED** ___AUG 2 5 2021___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

___ΓΑΡ/C___
___J. βειL___
Date: _____ Time: 8/25/21
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Page 10 of 10